## J. E. STREEPER v. FRIEBERG, KLEIN & CO.

(No. 2226.)

APPEAL from Galveston County. Opinion by WILLSON, J.

J. STANDIFER, DAVIS & DAVIDSON and F. D. MINOR, for appellant.

SCOTT & LEVI, for appellees.

§ 240. *Contract; entire and severable; order for several articles of merchandise is a severable contract; case stated.* Appellees sued appellant to recover $473.76, the price of certain liquors ordered by appellant of appellees, and by them shipped to him, but which he refused to receive and pay for, upon the grounds, as claimed by him, that only a portion of the liquors ordered were shipped, and that a portion of those that were shipped were not the kind, and were not of the price, ordered by him. Appellant's order for the liquors was in writing, and called for ten cases of McBrayer whisky at $10 per case; two barrels Monarch whisky, 1881, at $2.75 per gallon; two barrels Clifton whisky, 1882, at $2.75 per gallon; and one barrel of Woodland whisky at $3.25 per gallon. Appellees recovered judgment for $246.06, the same being the price of the Clifton and Woodland whiskies, the court holding that they were not entitled to recover for the

Monarch and McBrayer whiskies, upon the ground that these last named whiskies were not in accordance with appellant's order. Both parties have appealed and assigned errors. Appellant in his answer alleges that the principal inducement for his ordering the liquors was to get the McBrayer brand of whisky, and to get it speedily, and that but for this inducement he would not have made the order, and that appellees, at the time of the contract, and at the time of the shipment of the Clifton and Woodland and Monarch whiskies, knew these facts. Appellees did not ship the McBrayer whisky ordered by appellant. At the time of receiving said order they had none of that brand in stock, and before they were prepared to ship it appellant countermanded his order for it. The Monarch whisky which they shipped to appellant was of the make of 1880, instead of 1881, as ordered, and was billed to appellant at $2.85 instead of $2.75 per gallon as ordered. It is contended by appellant that the order for these several articles of whisky is an entire contract, not severable as to the several items, and that as appellees failed to ship to appellant each and every one of the items named in the order, and in exact compliance with it, they are not entitled to recover for the articles shipped, appellant having refused to receive the same. *Held:* The contract is severable and not entire. There is nothing in its terms which indicates that it was the intention of the parties that it should be regarded as an entire contract. The general rule of the law is that upon the sale of different articles for separate prices at the same time, the contract is several as to each article sold, unless the acts of the parties, or the nature of the subject-matter, renders it necessary to consider the whole sale as an entire transaction. [1 Wait's Ac. & Def. p. 76, sec. 6.] The facts of this case bring it clearly within this general rule.

§ **241.** *Inducement influencing one party to make a contract does not affect the contract unless known to the other party.* Appellant insists that he is not bound for the whiskies shipped to him, because the McBrayer whisky

was not shipped, and the principal inducement influencing him to order said whiskies was to get the McBrayer whisky. It is sufficient to say in answer to this that the evidence fails to show that appellees had any knowledge at the time of the contract, or at the time of the shipment of the other whiskies, that such was the principal inducement moving the appellant to make said order. Without such knowledge on the part of appellees they could not be affected in their rights by the inducements and considerations influencing the mind of appellant in making the order.

§ 242. *Performance of contract; facts held to constitute a substantial.* Appellees assign as error that the court refused to adjudge them the price of the Monarch whisky. This assignment is valid. Appellant's only complaint in regard to the Monarch whisky was, that it was billed to him at a price greater than he had named in his order. He did not make even this complaint until some three months after it had been shipped to him, and immediately upon making such complaint appellees proposed to deduct the excessive charge and let him have the whisky at the price specified in his order, although it was a superior and more valuable article than that ordered by him. We think the facts show a substantial compliance with the contract on the part of appellees as to the Monarch whisky. To have entitled appellant to refuse to receive and pay for it, upon the ground that it did not correspond precisely with that ordered by him, he should, within a reasonable time after it was consigned to him, have notified appellees that it was not the article he had ordered, and that he would not receive it. He not only failed to give such notice, but he retained the bill of lading for said whisky, and still retains the same. [Story on Sales, § 138; 2 Pars. on Con. 789.] The judgment is reversed and here rendered for appellees for the contract price of the whiskies shipped by them to appellant.

February 16, 1887.          Reversed and rendered.